DA 08-0032

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2008 MT 432N

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

DENNIS McDANIEL,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Third Judicial District,
In and For the County of Granite, Cause No. DC 07-08
Honorable Ray Dayton, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

              Jim Wheelis, Chief Appellate Defender; Lisa S. Korchinski, Assistant
Appellate Defender; Helena, Montana

       For Appellee:

              Hon. Mike McGrath, Montana Attorney General; Tammy K Plubell,
Assistant Attorney General; Helena, Montana

Submitted on Briefs:  November 13, 2008

Decided:  December 16, 2008

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1	Pursuant to Section I, Paragraph 3(d), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2	Dennis McDaniel ("McDaniel") appeals from the final judgment and sentencing order entered in the Third Judicial District Court, Granite County on December 20, 2007. We affirm.

¶3	On Friday April 20, 2007, Officer Tom Gill of the Montana Highway Patrol ("Officer Gill") responded to a report of a truck parked on the shoulder of Interstate 90 in Granite County. When Officer Gill approached the vehicle, he observed an individual, later identified as McDaniel, apparently asleep on the steering wheel with a beer bottle between his legs. When Officer Gill asked McDaniel whether he was over the legal limit for operating a motor vehicle, McDaniel stated, "Obviously if I was pulled over on the side of the road." Officer Gill also discovered that McDaniel was operating the vehicle under a probationary license from the State of Washington, which included a condition for the use of an ignition interlock device. Further, McDaniel stated that he would admit to being under the influence but would not consent to a Preliminary Breath Test. Thereafter, at approximately 5:30 p.m., Officer Gill arrested and ticketed McDaniel for DUI in violation of § 61-8-401, MCA, and for failure to display proof of insurance under

2

§ 61-6-302(2), MCA. At the Sheriff's Office following his arrest, McDaniel asked Officer Gill to ticket him for a first DUI offense, instead of a fourth DUI offense.

¶4 On Monday, April 23, 2007, the first business day following his arrest, McDaniel made an initial appearance in Granite County Justice Court before Acting Justice of the Peace Larry Veis ("Veis"), who was substituting for Judge Samuel Brown ("Judge Brown"). Veis advised McDaniel of his rights and set bail at $7,500. McDaniel was also appointed counsel from the State Public Defender's Office. On the initial appearance form, Veis wrote, "See Tickets" next to the spaces reserved for denoting the charges and whether such charges were misdemeanors or felonies. However, the appointment of counsel form stated the charges as DUI, first offense, failure to carry proof or exhibit insurance in a vehicle, unlawful possession of an open alcoholic beverage container in a motor vehicle, and operating a vehicle without an interlock device—all misdemeanor charges. When Judge Brown returned a week after McDaniel's initial appearance, he wrote "fourth offense" on a copy of the ticket, which was attached to the appointment of counsel form.

¶5 Following McDaniel's initial appearance in Justice Court, the State determined that McDaniel had three prior out-of-state convictions for DUI. As a result, on July 10, 2007, McDaniel was charged in District Court with felony DUI, failure to display proof of insurance, open container, and operating a vehicle without an interlock device. Nine days later, on July 19, 2007, McDaniel made an initial appearance on these charges in District Court. Because McDaniel was unable to post the $7,500 bail following his initial appearance in Justice Court, he remained incarcerated throughout the proceedings.

3

¶6    In late August, McDaniel filed a motion to suppress evidence of his prior DUI convictions because of an excessive delay between his arrest and initial appearance in District Court. McDaniel also moved to dismiss the felony DUI charge, reasoning that the State could not support the felony DUI charge without evidence of his prior DUI convictions. In support of his argument, McDaniel claimed he was charged with felony DUI from the beginning of the proceedings in Justice Court, and that the 91 days between his arrest on April 20, 2007, and his initial appearance in District Court on July 19, 2007, amounted to an excessive delay. The District Court denied both motions and McDaniel plead guilty to a fourth offense of DUI, a felony under § 61-8-460, MCA. Pursuant to a plea agreement, the State dropped the additional charges and McDaniel reserved the right to appeal the District Court's denial of the motions to suppress and to dismiss. McDaniel was sentenced to the Department of Corrections for 13 months with the possibility of serving the remainder of that time on probation if he successfully completed a residential treatment program, and to three years suspended in the Montana State Prison.

¶7    The sole issue on appeal is whether the District Court erred by denying McDaniel's motions to suppress evidence of his prior DUI convictions and to dismiss the felony DUI charge.

¶8    The controlling statute in this case, § 46-7-101(1), MCA, provides that "[a] person arrested, whether with or without a warrant, must be taken without unnecessary delay before the nearest and most accessible judge for an initial appearance." McDaniel claims that § 46-7-101(1), MCA, was violated because of an "excessive delay of ninety one days between [his] arrest and initial appearance in District Court." However, it is undisputed

4

that McDaniel did have a timely initial appearance in Justice Court. McDaniel cannot ignore that he was arrested on Friday, April 20, 2007, and brought promptly "before the nearest and most accessible judge for an initial appearance" on Monday April 23, 2007—the first business day following his arrest. Importantly, McDaniel does not claim that either Veis or Judge Brown failed to meet the statutory obligations for an initial appearance under § 46-7-102, MCA. Therefore, we conclude that the District Court did not err by denying McDaniel's motions to suppress and to dismiss. There was no unnecessary delay between McDaniel's arrest and initial appearance under § 46-7-101(1), MCA. It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. Affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS

5